IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| UNITED STATES OF AMERICA | ) |  |
|---|---|---|
|  | ) |  |
| vs. | ) | CRIMINAL ACTION 11-00216-KD |
|  | ) |  |
| ALLEN SIMMS COLE, | ) |  |
|    Defendant. | ) |  |

**ORDER**

This matter is before the Court on the Government's Motion To Postpone Trial (Doc. 195) and Defendant Allen Simms Cole's response thereto (Doc. 197). Upon consideration, the Government's motion is due to be **DENIED**.

As the parties are aware, the Defendant's trial was originally set for the October 2011 criminal trial term. The Defendant waived his Constitutional and statutory rights to a speedy trial so that the Court could fix the place of trial at the United States Courthouse in Selma, Alabama and make necessary preparations therefor. See United States v. Cole, No. 11-00216-KD, 2011 WL 4583767, at *2 (S.D. Ala. Sept. 23, 2011). In the order granting the Defendant's motion to fix trial in Selma, the Court noted that the Northern Division courthouse is not permanently staffed and that "[i]t would require some effort, coordination, and expense to transport court legal, clerical, and security personnel from Mobile to Selma for jury selection and trial." Id. at *1. Accordingly, before setting a trial date, the Court twice asked the parties to determine and disclose any potential scheduling conflicts. The Defendant reported no conflicts. Counsel for the Government responded that her "witnesses have conflicts from 11/9 through the week of Veterans Day." E-mail from Gloria Bedwell, Asst. U.S. Att'y, to Court (Sept. 23, 2011 12:05 PM CST) (on file with Court). Because Veterans Day falls on Friday, November 11, 2011, the Court ordered trial to commence Monday, November 14, 2011, immediately following jury selection. Cole, 2011 WL 4583767, at

\*2.   In anticipation of a November 14, 2011 trial in Selma, the Court has made special efforts to assemble a Northern Division venire and has coordinated with various federal agencies to ensure courthouse security, access, and functionality for the days that this matter is to be tried.

As amended, the Speedy Trial Act of 1974 sets forth the factors that the Court will consider in determining whether to continue a criminal trial.  Those factors are: 1) whether the failure to grant a continuance would be likely to result in a miscarriage of justice; 2) whether the case is so unusual or so complex that it is unreasonable to expect adequate preparation within the statutory time limits; and 3) whether failure to grant a continuance would deny the defendant reasonable time to obtain counsel, would deny the defendant or the Government continuity of counsel, or would deny counsel reasonable time to effectively prepare.  See 18 U.S.C. §§ 3161(h)(7)(B) (2006).  The Government's lack of diligent preparation or failure to obtain available witnesses is expressly precluded as an acceptable basis for a continuance.  Id. § 3161(h)(7)(C).

The Government has not argued that this case is complex or that its counsel needs additional time to prepare.  The only proffered ground for the Government's motion is that the Government's case agent (who the Government expects to call as a trial witness) will be unavailable from November 9 through November 17.  The Court agrees with the Defendant that the Government has not explained why its case agent is not available for a trial that was set six weeks ago and why the case agent's conflict was not disclosed sooner.  More significantly, the Government has failed to demonstrate (or even suggest) that a miscarriage of justice would result should this matter proceed to trial as scheduled.  Having considered the relevant statutory factors along with 1) the logistical complications inherent with fixing a criminal trial in Selma and 2) the Defendant's right to and the public's interest in a speedy trial that has already been put over once, the Court finds that a further delay of this matter on the basis offered by the Government would not serve the interests of justice.

Accordingly, the Government's Motion To Postpone Trial (Doc. 195) is **DENIED**.

**DONE** and **ORDERED** this the **4th** day of **November 2011**.

                                  s/ Kristi K. DuBose
                                  **KRISTI K. DuBOSE**
                                  **UNITED STATES DISTRICT JUDGE**